```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSE I. COLON                      :    CIVIL ACTION
                                   :
     v.                            :
                                   :
THE UNITED STATES OF AMERICA,      :
et al.                             :    NO. 14-7271
```

MEMORANDUM

McLaughlin, J.                                        April 8, 2015

        The plaintiff, Jose Colon, alleges that the defendants the United States of America ("USA") and/or JetBlue Airways Corporation ("JetBlue") damaged his bicycle during a Transportation Security Administration ("TSA") security inspection and subsequent flight from San Juan, Puerto Rico to New York.  USA now moves to transfer the case to the District of Puerto Rico under 28 U.S.C. § 1404(a), arguing that the District of Puerto Rico would be a more convenient venue because most essential fact witnesses reside in that district, that the tortious conduct alleged by Colon took place in that district, and that other practical factors make that district more convenient.  The Court will grant the motion and transfer the case to the District of Puerto Rico.

        Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought or to any district or division to which all parties have consented." As a threshold matter, a court must determine whether the proposed transferee district is a district where the action could have been brought. Id. A court is then required to consider the above factors – the interests of justice and the convenience of the parties and witnesses – as well as several additional private and public interest factors. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

The private interest factors that a court should consider include:

> [the] plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (citations omitted). The public interest factors include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty of the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies

>of the fora; and the familiarity of the
>trial judge with the applicable state law in
>diversity cases.

Id. at 879-80 (citations omitted).  The moving party bears the burden of proving that transfer is needed.  Id. at 879.

This case could have been brought in the District of Puerto Rico because the acts complained of took place in that district.  Colon brings his claims against USA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2689, 1346(b).  A "civil action on a tort claim against the United States under subsection (b) of section 1346 . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).

Colon alleges that TSA agents at the airport in San Juan, Puerto Rico, "in conjunction with their inspection of the Plaintiff's bike tote handled the bike so as to cause direct damage and/or failed to repack the Tote in the same manner as Plaintiff had secured the bicycle and thereby rendered the carbon frame susceptible to damage and destruction."  Complaint ¶ 13.  The act Colon complains of took place within the District of Puerto Rico; the case could therefore have been brought in that district.[1]

---

[1] Colon argues that it is not "established fact" that the alleged negligent acts took place in Puerto Rico.  Pl.'s Opp. 4.

3

The private interest factors favor transferring this action to the District of Puerto Rico. The fact that none of the acts or omissions giving rise to the plaintiff's claims took place in the Eastern District of Pennsylvania mitigates the deference the plaintiff's choice of venue normally receives from courts. The second factor, the defendants' preferences, favors transfer – USA would clearly prefer the case be litigated in the District of Puerto Rico. All of the acts or omissions allegedly giving rise to the plaintiff's claims took place in the District of Puerto Rico, so the third factor favors transfer.

The fourth factor is neutral. Colon resides in the Eastern District of Pennsylvania, so this district would be more convenient for him. Colon would likely have to incur travel costs if the case is transferred to the District of Puerto Rico. Similarly, most of USA's witnesses reside in Puerto Rico; USA would likely incur travel costs in bringing those witnesses to

---

Colon focuses on the fact that one paragraph of the complaint alleged that the defendants mishandled his bicycle "Prior to, during or after the flight," Complaint ¶ 11, and that he never alleged where the TSA inspection took place.

These arguments are not persuasive. The plaintiff alleges that his bicycle was damaged as a result of some combination of the negligent repacking of his bicycle tote after the TSA inspection and some later mishandling of the tote by JetBlue personnel. Any repacking of the tote would have taken place in Puerto Rico during the preflight TSA inspection, and the tote would have been loaded onto the JetBlue flight in Puerto Rico. The core of the alleged negligent conduct took place in Puerto Rico.

Pennsylvania to testify in depositions or at trial.  Because both parties will likely incur travel costs depending on the location of the case, the fourth factor is neutral.

The fifth factor, convenience of the witnesses, favors transfer to the District of Puerto Rico.  The Court does not have the power to compel nonparty witnesses located in Puerto Rico to attend trial in the Eastern District of Pennsylvania.  Fed. R. Civ. P. 45(c).  The sixth factor, the location of books and records, is neutral.  Neither party has pointed to any books or records that could not be produced in either the District of Puerto Rico or the Eastern District of Pennsylvania.

The public interest factors also favor transferring the case to the District of Puerto Rico.  The first factor is neutral; a judgment will likely be equally enforceable in either district.

Practical considerations favor transferring the case to the District of Puerto Rico.  The FTCA provides that the "law of the place where the act or omission occurred" governs cases such as this one.  28 U.S.C. § 1346(b).  Because the acts complained of took place in Puerto Rico, Puerto Rican law applies.  According to defense counsel, local, non-federal Puerto Rican case law is written in Spanish.  Transferring the case to the District of Puerto Rico would allow a judge and lawyers familiar with Spanish to handle the case.

5

The District of Puerto Rico's docket is less congested than the docket of the Eastern District of Pennsylvania. Although there are more federal judges in the Eastern District of Pennsylvania than in the District of Puerto Rico, the difference in the number of pending cases outweighs the difference in judgeships.  During the twelve-month period ending September 30, 2014, there were 9,617 cases pending in the Eastern District of Pennsylvania and 1,255 cases pending in the District of Puerto Rico.  U.S. District Courts – Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending September 30, 2013 and 2014, available at http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2014/appendices/C00Sep14.pdf.

The factor weighing the local interest in deciding local controversies at home is neutral.  There is no true "home" to this controversy – Colon lives in the Eastern District, but the acts complained of took place in the District of Puerto Rico.  Neither party has highlighted any public policies of either fora that would affect the transfer analysis.

Finally, a judge in the District of Puerto Rico would be more familiar with the Puerto Rican law to be applied in this case.  The factor favors transfer to the District of Puerto Rico.

Because both the private and public factors under Jumara favor transfer, the Court will grant the motion to transfer to the District of Puerto Rico.

An appropriate order shall issue.